The undersigned have reviewed the Opinion and Award, the record of the proceedings before Deputy Commissioner William L. Haigh and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, to receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. At the time of the injury by accident giving rise hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act with defendant employer regularly employing three or more employees, one of whom was plaintiff.
2. Travelers Insurance Company was the compensation carrier on the risk.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer on May 4, 1992.
4. Plaintiff's average weekly wage amounts to $447.60.
5. Subsequent to the hearing, the parties stipulated into evidence the medical records of Drs. Estwanik and Jordan.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working for defendant employer in about January 1984 as a machine operator and remained so employed through the date of the hearing. Duties of that job included setting up and operating drills and tapping machines which required him to stand continuously and to bend and lift up to about 40 pounds in weight.
2. In February 1989 plaintiff underwent partial menisectomy which was performed by Dr. Estwanik for treatment of a torn medial meniscus in the right knee. After missing about eight weeks, plaintiff returned to work as a machine operator.
3. Plaintiff sustained the injury by accident giving rise hereto on May 4, 1992 when he struck a metal table with the medial aspect of his right knee as he was walking and making a turn to his left. He then experienced severe pain.
4. On May 4, 1992 plaintiff was examined and evaluated by Dr. Jordan. On examination there was an approximately 2-3 centimeter in diameter area of bruising which was located distal to the right meniscus and which was in an area of tenderness over the tibia bone itself. In particular, the medial aspect of the upper tibia was slightly swollen and tender but there was no laxity or dislocation in the knee joint. In addition, there was no tenderness upon palpation of the cartilages over the medial meniscus at the knee joint space. Dr. Jordan injected anti-inflammatory medication and advised Advil for treatment of contusion. Plaintiff then returned to work on May 4 and finished his shift and thereafter worked at his machine operator job until about October 28, 1992.
5. When next seen by Dr. Jordan on May 13, 1992, plaintiff was still tender over the tibia just below the knee joint and the reminder of the examination was normal. A knee sleeve was prescribed to assist healing of the contusion more rapidly and he was continued on Advil. By the time of the examination on May 21, 1992, plaintiff was still tender in the area over the tibia but it was only mildly so and it was less tender than before. Plaintiff thereafter failed to return for a follow-up appointment in three weeks.
6. Plaintiff was next seen by Dr. Jordan on August 3, 1992 at which time he complained of pain in the cartilage in the right knee joint. On examination, there was tenderness over the meniscus and cartilage in the joint, but there was no tenderness in the area which had previously been bruised. The finding of tenderness over the meniscus and the cartilage in the joint was in an area which was different from the area where he had been tender on prior examinations. On each of the three examinations prior to August 3, 1992, there had been no tenderness on palpation over the meniscus and plaintiff had not previously complained of pain in the knee joint. Plaintiff's evidence that he had pain on the medial aspect of his right knee joint since the injury by accident is not accepted as credible.
7. Because Dr. Jordan suspected possible cartilage damage based on plaintiff's complaints and the finding on examination on August 3, he referred plaintiff to the orthopedic surgeon who had treated his knee in 1989.
8. Upon examination by Dr. Estwanik on August 6, 1992, there was tenderness over the medial joint space of the right knee and the remainder of the examination was normal. A subsequent MRI revealed a tear of the medial meniscus and in October 1992, Dr. Estwanik performed arthroscopic medial menisectomy for treatment of a tear of the medial meniscus on the right in the same area and of the same general configuration as the one in February 1989. Postoperatively, plaintiff was placed on physical therapy and he remained out of work for about six and one-half weeks.
9. The injury by accident of May 4, 1992 neither caused the torn medial meniscus for which Dr. Estwanik performed surgery in October 1992 nor aggravated the preexisting condition of plaintiff's right knee. Because of his 1989 torn meniscus injury and surgery, it was easy for plaintiff to reinjure or re-tear the meniscus which reinjury could have occurred in numerous ways without a specific traumatic blow to the knee, including by his performing the everyday functions of his job or by his engaging in the everyday activities of life.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff's torn medial meniscus and the attendant period of temporary total disability and resultant permanent partial impairment of the right knee are not causally related to the injury by accident of May 4, 1992. G.S. § 97-2(6) and G.S. § 97-29.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Plaintiff's claim for compensation for temporary total disability and permanent partial impairment must under the law be and it is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ______________________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________________ J. RANDOLPH WARD COMMISSIONER
MSC:dtc